IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MITEIKO DANIIL,

    Petitioner,

v.                                                      No. 25-cv-1024-KG-DLM

FNU LNU,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Miteiko Daniil's Letter-Pleading Applying for Asylum.  (Doc. 1) (Letter-Pleading).  Petitioner previously lived in Russia.  (Doc. 1) at 1.  He left in December of 2024 and travelled through South America and Mexico.  *Id.*  The Petition reflects Petitioner entered the United States on March 23, 2025 by crossing the border at Mexico and surrendering to soldiers.  *Id.*  Petitioner asks the Court to grant him asylum or, alternatively, help him start the asylum process.  *Id.* at 1, 4.

    While the Court can consider challenges to unconstitutional custody and/or potential due process violations in connection with the asylum process, it lacks jurisdiction to consider an asylum application in the first instance.  *See* 8 U.S.C. § 1158 (noting the Secretary of Homeland Security may grant asylum to a noncitizen who applies "in accordance with the requirements and procedures established" by that agency); 8 C.F.R. § 208.2 ("Immigration judges shall have exclusive jurisdiction over asylum applications.").  Petitioner may apply for asylum by submitting a Form I-589 Application for Asylum and for Withholding of Removal.  The application may be defensive, meaning "an individual placed in … removal proceedings may

raise an asylum claim as a defense to removal." *Munoz Materano v. Arteta*, 2025 WL 2630826, at *2 (S.D.N.Y. Sept. 12, 2025). "Individuals seeking asylum must demonstrate that they are unwilling or unable to return to their nation of origin because of past persecution, or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Aydin v. Zeleke*, 2025 WL 3499246, at *1 (E.D. Pa. Dec. 5, 2025) (citing 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)).

The Clerk's Office will mail Petitioner a copy of the Form I-589 Application for Asylum and for Withholding of Removal and the official Instructions for Form I-589. Petitioner should return the completed Form I-589 to the address listed in those materials, rather than to this Court. For a defensive application, meaning Petitioner wants to seek asylum in response to his removal proceedings, he should also mail a copy of Form I-589 to the Otero Immigration Court:

> Otero Immigration Court
> 26 McGregor Range Road, Door #1
> Chaparral, NM 88081

*See* https://www.justice.gov/eoir/find-immigration-court-and-access-internet-based-hearings#NM (noting the Otero Immigration Court is the only immigration court in the state of New Mexico).

If Petitioner seeks to challenge his continued immigration detention, he may also file a separate habeas proceeding under 28 U.S.C. § 2241. Examples of Section 2241 claims include the failure to provide due process in connection with the asylum process; the failure to provide a bond hearing, if one is required; and the failure to consider a release from custody where removal is not reasonably foreseeable. The Clerk's Office will also mail Petitioner a blank Section 2241 petition. He can return that form to this Court if he wishes to challenge his custody. However, Petitioner is reminded that he should still file a separate Form I-589 in accordance with the filing

2

instructions.  A Section 2241 petition cannot be filed in this Court in lieu of that application.

Consistent with this authority, and because the Court lacks jurisdiction to grant asylum in the first instance, the Court will dismiss the Letter-Pleading without prejudice.  This dismissal has no impact on Petitioner's ability to seek asylum relief with the correct federal authorities or file a separate Section 2241 proceeding in this Court.

IT IS ORDERED**:**

1.  Petitioner Miteiko Daniil's Letter-Pleading Applying for Asylum (Doc. 1) is dismissed without prejudice for lack of jurisdiction.

2.  A separate judgment will be entered that closes this civil case.

3.  The Clerk's Office shall mail Petitioner a Form I-589 Application for Asylum and for Withholding of Removal; the official Instructions for Form I-589; and a blank 28 U.S.C. § 2241 petition.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.